UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-271 (DWF/DLM)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **GOVERNMENT'S PRE-** |
| v. | ) **HEARING RESPONSE TO** |
| | ) **DEFENDANT'S PRETRIAL** |
| CLENEST DEMON WELLS, JR., | ) **MOTIONS** |
| | ) |
| Defendant. | ) |

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Emily Polachek and Jordan Sing, Assistant United States Attorneys, hereby submits its consolidated response to Defendant Clenest Demon Wells, Jr.'s pretrial motions.

**1.    Defendant's Motion for Disclosure of 404(b) Evidence (ECF No. 18)**

Defendant moves the Court for an order directing the Government to provide reasonable notice of any "bad act" or "similar course of conduct" evidence that the Government intends to offer at trial pursuant to Rule 404(b) of the Federal Rules of Evidence at least 60 days in advance of trial. The Government objects to this motion as impractical. Often, a trial date is not even set 60 days in advance. In accordance with traditional practice in this district, the Government agrees to disclose such evidence two weeks before trial.

The Government also requests that the Court's order on this motion be strictly drawn to require no more than what is encompassed by Rule 404(b). Specifically, Rule 404(b) does not encompass acts that are "intrinsic" to the charged offense. Fed. R. Evid. 404 advisory committee's notes, 1991 Amendments. If conduct of a defendant is an "intrinsic" part of any of the charged offense but could otherwise be considered a "bad act," then Rule 404(b) does not contemplate that notice of such evidence be given. The distinction is an important one, as the defense may incorrectly claim that the Government must give notice of every "bad act" it intends to introduce. *See United States v. Adediran*, 26 F.3d 61, 63 (8th Cir. 1994) (explaining that standards applicable to evidence considered under Rule 404(b) do not apply to such "inextricably intertwined" evidence).

2.  **Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant (ECF No. 19) and Defendant's Motion for Disclosure of Impeaching and Exculpatory Evidence (ECF No. 25)**

The Government is aware of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. The Government has complied, and will continue to comply with the rules set out in that line of cases. The Government objects to Defendant's motion to the extent that it goes well beyond the requirements of such case law and requests that the Court's order on these motions be narrowly drawn.

3. **<u>Defendant's Motion for Disclosure of Grand Jury Transcripts (ECF No. 20)</u>**

Defendant moves for an order permitting Defendant to inspect and copy "the entire transcript and minutes of the Grand Jury" related to all witnesses called before the grand jury, regardless of whether those witnesses will testify at the forthcoming pretrial hearing. ECF No. 20 at 1. But it is a "well-established rule in this circuit that grand jury testimony is generally not discoverable on pretrial motion." *United States v. Pelton*, 578 F.2d 701, 709 (8th Cir. 1978). "While the Federal Rules of Criminal Procedure authorize disclosure of grand jury transcripts under certain circumstances, *see* Fed. R. Crim. P. 6(e)(3), parties seeking such disclosure must show a 'particularized need,' and the decision to permit disclosure lies within the sound discretion of the trial judge." *United States v. Wilkinson*, 124 F.3d 971, 977 (8th Cir. 1997) (cleaned up); *see also Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979) ("Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.").

Defendant has not and cannot establish a particularized need for disclosure of all grand jury transcripts and minutes. Defendant claims immediate disclosure of all materials is necessary to prepare cross-examination. ECF No. 20 at 1. But that assertion is belied by the fact that Defendant is seeking transcripts related to *all witnesses*,

including those whom the Government does not expect to call as witnesses at the trial of this case. *Id.* at 2.

Moreover, "[g]rand jury transcripts need only be released by the government insofar as required under the Jencks Act, 18 U.S.C. § 3500." *Wilkinson*, 124 F.3d at 977. Defendant's motion, then, is one seeking immediate, and therefore early, disclosure of Jencks Act material. The Government objects to court-ordered early disclosure of Jencks Act material. It is well-established in this circuit and district that the Government may not be ordered to make pretrial disclosure of Jencks material. *United States v. Finn*, 919 F. Supp. 1305, 1315 (D. Minn. 1995); *see also United States v. Ben M. Hogan Co.*, 769 F.2d 1293, 1300 (8th Cir. 1985); *United States v. White*, 750 F.2d 726 (8th Cir. 1984). Nonetheless, the Government will voluntarily agree to provide any previously undisclosed Jencks material —including the grand jury testimony of trial witnesses—to the defense no later than three business days before trial. *See United States v. Eisenberg*, 469 F.2d 156, 160 (8th Cir. 1973). The Government respectfully requests that Defendant extend the same courtesy.

4. **Defendant's Motion for Disclosure of Informants (ECF No. 21)**

Defendant moves for pretrial disclosure of informants who may testify at trial. Undersigned counsel's review of the discovery materials does not reveal any informants involved in this case. If Defendant believes otherwise, he can alert the Government, which will endeavor to provide materials to which Defendant is entitled. Otherwise, Defendant's motion should be dismissed as moot.

**5.      Defendant's Motion for Early Disclosure of Jencks Material (ECF No. 22)**

Defendant seeks an order requiring early disclosure of Jencks Act material. Defendant has already received voluminous discovery, including many reports that fall within the scope of the Jencks Act, 18 U.S.C. § 3500. The Government objects to court-ordered early disclosure of Jencks Act material. It is well-established in this circuit and district that the Government may not be ordered to make pretrial disclosure of Jencks material. *United States v. Finn*, 919 F. Supp. 1305, 1315 (D. Minn. 1995); *see also United States v. Ben M. Hogan Co.*, 769 F.2d 1293, 1300 (8th Cir. 1985); *United States v. White*, 750 F.2d 726 (8th Cir. 1984). The Government agrees to provide any previously undisclosed Jencks material to each other no later than three business days before trial. *See United States v. Eisenberg*, 469 F.2d 156, 160 (8th Cir. 1973).

**6.      Defendant's Motion for Early Disclosure of Witness and Exhibit Lists (ECF No. 23)**

Defendant moves the Court for an order directing the Government only to provide Defendant with a copy of its witness and exhibits lists at least 60 days in advance of trial. Once again, the Government objects to this motion as impractical based on typical trial timelines within this district and the ineffectiveness of preparing witnesses so far in advance. Moreover, it is the district court that provides such deadlines in its final trial order. The Government respectfully requests that the Court deny this motion and allow the district court to set applicable trial deadlines in its final pretrial order.

**7.     Defendant's Motion for Discovery of Experts (ECF No. 24)**

Defendant's motion concerning disclosure and inspection of expert materials should be denied as moot as this Court has already ruled on this issue in its Arraignment Order. ECF No. 17 at ¶ 3.

**8.     Defendant's Motion for Notice of Government Intention to Use Residual Hearsay Exception (ECF No. 26)**

Defendant moves the Court for an order requiring the Government to provide notice 30 in advance of trial of its intent to rely upon the residual hearsay exception. Again, given that trial preparation often occurs less than 30 days in advance of trial, the Government objects to Defendant's request as impractical. But the Government agrees to provide such notice 14 days prior to trial in conjunction with its notice of intent to offer Rule 404 evidence.

**9.     Defendant's Motion for Counsel to Participate in Voir Dire (ECF No. 27)**

Defendant moves the Court for an order permitting the Defendant's attorney to supplement the Court's voir dire examination. The Government objects to Defendant's motion as premature. The timing and nature of voir dire is determined by the district judge who presides over trial.

**10.    Defendant's Motion for Retention of Rough Notes (ECF No. 28)**

The Defendant asks for an order directing the Government's agents and confidential informants to preserve their rough notes and the evidence gathered in this

case. On the issue of note preservation, the Government has already instructed its agents to preserve their notes.[1]

The Government objects to the Defendant's request for an order requiring the preservation of "the evidence seized" during this investigation is similarly moot. As represented herein, the Government will comply with its discovery obligations under Rules 12 and 16, *Brady, Giglio,* and the Jencks Act. Such compliance necessarily requires that it not destroy relevant evidence.

12. **Defendant's Motions to Suppress Evidence Obtained as a Result of Search and Seizure and Defendant's Statements (ECF Nos. 29–35)**

Defendant has been charged by Indictment with three counts of possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1), and one count of possessing a machinegun, in violation of 18 U.S.C. § 922(o)(1). These charges stemmed from three separate incidents in which Defendant brought himself to the attention of local law enforcement. In each incident, law enforcement had reasonable articulable suspicion to stop Defendant and probable cause for an arrest, and Defendant's statements were

---

[1] Defendant incorrectly claims that rough notes are statements within the meaning of the Jencks Act. They are not. *See United States v. Bolden,* 545 F.3d 609, 623 (8th Cir. 2008) (holding that an FBI agent's notes from an interview with a witness were not subject to Jencks Act disclosure); *United States v. Redding,* 16 F.3d 298, 301 (8th Cir. 1994) (holding that a government agent's notes were not subject to Jencks Act disclosure because they were unrelated to the agent's testimony). Nor do such notes generally qualify as discovery subject to disclosure under Federal Rule of Criminal Procedure 16. *See United States v. Polk,* 715 F.3d 238, 249–50 (8th Cir. 2013). Therefore, the Government objects to any attempt to force the disclosure of agents' rough notes unless and until the Defendant makes a showing that such disclosure is warranted.

made in compliance with his constitutional rights. The Government anticipates that the following facts will be established at the motions hearing, though posthearing briefing will likely be necessary.

### A.     April 6, 2023 — Brandishing a Weapon on a Bus

Around 3:05 p.m. on April 6, 2020, Metro Transit Police received a 911 call from an identified individual who reported that a man on bus 8101 had drawn a gun on him. The 911 caller described the gunman as approximately 20 years old, wearing a gray or black winter hat and a black vest. The caller described himself as a black man wearing jeans with white stripes on both sides.

Officers were dispatched to and boarded the bus. They located a man who matched the description given by the 911 caller. Having reasonable suspicion for an investigatory search in light of the 911 call, an officer performed a patdown search and located a gun. *See United States v. Matlock*, 724 F. App'x 492, 494 (8th Cir. 2018). That firearm is charged in Count 1 of the indictment against Defendant.

The suspect identified himself as Defendant and spontaneously told police that he had found the gun in an alley. Officers escorted Defendant to the backseat of a marked squad car. Defendant was read his rights and asked if he wanted to speak with law enforcement, to which Defendant answered affirmatively. Having made a knowing, voluntary, and intelligent waiver of his constitutional rights, Defendant then said he found the gun the night before and had planned to keep or sell it.

### B.     May 23, 2022 — Driving Twice the Legal Speed Limit

Around 2:15 p.m. on May 23, 2022, patrol officers with the Minneapolis Police Department saw a car driving approximately 45–50 miles per hour in a dense residential neighborhood where the speed limit was 25 miles per hour. The driver sped past a park populated with children and families. The officers pursued the car as it continued to speed and drive erratically. Eventually, the car pulled into a driveway and parked halfway on the yard of the residence (which did not belong to Defendant).

As officers approached, they saw that the passenger side window was halfway down and the smell of marijuana greeted them. Once the officers came level with the car, they could see marijuana shake inside the car. Having observed Defendant commit a traffic violation and then smelling and observing marijuana in Defendant's car, officers "had reasonable suspicion to investigate whether [Defendant] was driving under the influence." *United States v. Houston*, 548 F.3d 1151, 1154 (8th Cir. 2008).

Officers collected Defendant's information and went to the squad car to run a check on his name as Defendant did not provide law enforcement with a driver's license. Defendant has a lengthy criminal history that includes convictions for firearms offenses and assaulting a peace officer. A notation indicated that Defendant is a suspected gang member who "fights with police." The officer also learned that Defendant's driver's license had been revoked.

Officers therefore asked Defendant to step out of the car and, after he did so, officers performed a pat search for officer safety. They found a wad of cash and a bag

9

of pills in Defendant's pocket. At this point, officers had probable cause to arrest Defendant and to search his car for additional contraband. *See United States v. Beard*, 708 F.3d 1062, 1065 (8th Cir. 2013). Officers found the firearm charged in Count 2 of the indictment, as well as a large amount of marijuana, baggies, a digital scale, and smaller packages of commercially packaged marijuana.

While the search was being performed, officers allowed Defendant to smoke a cigarette and he made several spontaneous statements, including admitting that the pills and marijuana were his. Because these statements were voluntary and "not the product of police questioning or police action likely to produce an incriminating response" these statements are admissible at trial. *United States v. Richardson*, 427 F.3d 1128, 1132 (8th Cir. 2005).

    **C.**    **July 30, 2023 — Brandishing a Gun in a Parking Lot**

Close to 3:00 a.m. on July 30, 2023, Minneapolis Police Officers were responding to reports of fights that had broken out as bars closed. Metro Police observed two men who seemed to be hiding being an SUV. One of the men, who was later identified as Defendant, was wearing a black ski mask. Some women were fleeing from the area and told officers that one of the men had a gun. Based on their concerns for the public's safety, officers approached the men to conduct a brief investigatory stop. One of the men complied, but Defendant began to flee on foot, providing officers with probable cause to arrest him for obstructing legal process.

Officers apprehended Defendant and performed a patdown search. They discovered a firearm in Defendant's waistband and an extended magazine in Defendant's pocket. The gun was loaded and had a switch installed to convert it into an automatic weapon. The firearm is charged in Count 3 and the switch is charged in Count 4 of the indictment.

After Defendant was booked into the Hennepin County Jail, an officer came to speak with him and recorded the conversation. Without any verbal prompting from law enforcement, Defendant began offering information about the case as soon as the officer arrived. The officer was able to interrupt to provide Defendant with a *Miranda* warning. Once again, Defendant made a knowing, intelligent, and voluntary waiver of those rights and spoke with officers. Defendant admitted to being a gang member and that he had possessed the gun and the switch for protection.

## CONCLUSION

The Government respectfully asks the Court to rule on Defendant's pretrial motions as set forth above.

Respectfully submitted,

Dated: October 10, 2023

ANDREW M. LUGER
United States Attorney

*s/ Emily Polachek*
BY: Emily A. Polachek
Jordan L. Sing
Assistant U.S. Attorneys