# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,                                    Criminal No. 23-271 (DWF/DLM)

        Plaintiff,

v.                                                           **ORDER ADOPTING REPORT
           AND RECOMMENDATION**

Clenest Demon Wells, Jr.,

        Defendant.

## INTRODUCTION

Defendant Clenest Demon Wells, Jr., brings four motions to suppress search and seizure evidence and three motions to suppress statements. (Doc. Nos. 29-35.) In a Report and Recommendation ("R&R"), Magistrate Judge Douglas L. Micko recommended the following: (1) denying Wells's first motion to suppress search and seizure evidence; (2) granting in part and denying in part Wells's first motion to suppress statements; (3) denying Wells's second motion to suppress search and seizure evidence; (4) denying as moot Wells's second motion to suppress statements; (5) denying as moot Wells's third motion to suppress search and seizure evidence; (6) denying Wells's fourth motion to suppress search and seizure evidence; and (7) denying Wells's third motion to suppress statements. (Doc. No. 50 ("R&R").) Wells filed an objection to the R&R. (Doc. No. 54.) After an independent review of the record and objection, the Court adopts the R&R.

**DISCUSSION**

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b).  The relevant factual and procedural background for the above-entitled matter is clearly and precisely set forth in the Magistrate Judge's R&R and is incorporated by reference.

Wells's motions focus on three separate police encounters.  The first encounter occurred on April 6, 2020.  Officers stopped a Metro Transit bus after a person on the bus reported that a man pointed a gun at them.  In the R&R, the Magistrate Judge concluded that while Wells "may not have matched every aspect of the dispatched description precisely, he matched closely enough given the short passage of time and the very closed universe of potential suspects."  (R&R at 12.)  The Magistrate Judge therefore concluded that the officers had reasonable suspicion to conduct a *Terry* pat-down search of Wells and recommended denying Wells's first motion to suppress search and seizure evidence.

During that same encounter, Wells made statements to the officers that Wells moved to suppress.  The Magistrate Judge concluded that certain statements that Wells made were spontaneous, such as when he told the officers that his firearm did not contain a clip and when he stated that he "found that m***er f***er in the alley."  (R&R at 13-14.)  Additionally, an officer asked Wells where he lived, and Wells stated, "I'm homeless, I found the gun in the alley."  (*Id.* at 14.)  The Magistrate Judge concluded that Wells's statement about where he found the gun was not related to the officer's question nor could the officer "have expected that his question about Mr. Wells's address would

2

elicit a response about where Mr. Wells found the firearm." (*Id.*)  Another officer asked Wells if he had a permit to carry the gun, which the Magistrate Judge concluded amounted to an interrogation in violation of Wells's *Miranda* rights.  The Magistrate Judge thus recommended granting Wells's first motion to suppress statements related to the permit response and denying the motion for all other statements.

The second encounter with police occurred on May 23, 2022.  Police stopped Wells after he committed a traffic violation.  The officer testified that he smelled marijuana in Wells's vehicle.  The Magistrate Judge concluded that the officers therefore had probable cause to search the entire vehicle without a warrant and recommended denying Wells's second motion to suppress search and seizure evidence.

During that same encounter, police discovered pills on Wells's person.  Wells moved to dismiss that evidence and any statements Wells made in relation to the pills. The Government indicated that it would not use the evidence or statements related to the pills in its case-in-chief, so the Magistrate Judge recommended denying Wells's third motion to suppress search and seizure evidence and second motion to suppress statements as moot.

The final encounter with police occurred on July 30, 2023.  Police received a call about a man reaching into a bag with a gun.  When police arrived on the scene, they discovered two men, one matching the description of the report and another man, who was later identified as Wells.  An officer drew his weapon and ordered both men to stop and put their hands up.  Wells started to walk away and then began to run.  He then reached for something in his waistband, which led the officer to believe he was reaching

for a gun.  The Magistrate Judge noted that flight or resistance from an arrest or Terry

stop, even if unlawful, "can provide an independent basis for an arrest."  (*Id.* at 19

(quoting *United States v. Somerville*, No. 20-cr-153, 2021 WL 3476596, at *8 (D. Minn.

May 13, 2021)).)  Because Wells did not comply with the officer's commands, the

Magistrate Judge concluded that the officers had probable cause to arrest him and thus

were justified in conducting a search incident to the arrest.  The Magistrate Judge

recommended denying Wells's fourth motion to suppress search and seizure evidence.

Wells's third, and final, motion to suppress statements occurred the following day.

An officer spoke to Wells at the Hennepin County Jail through the cell door.  The officer

tried to advise Wells of his rights, but Wells interrupted him with questions and asked

who the officer was.  When the officer told Wells who he was, Wells "complained about

his arrest, and explained to [the officer] why he wears a ski mask and why he carries a

firearm."  (*Id.* at 22.)  The officer stopped Wells and gave the *Miranda* warnings.  The

officer asked Wells if he understood, and he said "of course, why wouldn't I?"  (*Id.*)  The

Magistrate Judge concluded that the officer's response to Wells's question "d[id] not

amount to interrogation" and further concluded that "there is no indication in the record

that Mr. Wells was under the influence of any controlled substances that would inhibit his

decision making during their interaction."  (*Id.* at 22-23.)  The Magistrate Judge therefore

recommended denying Wells's third motion to suppress statements.

Wells objects to the R&R.  First, Wells argues that evidence from the April 6,

2020, police encounter should be suppressed because Wells did not match the description

of the suspect and thus the officers did not have reasonable suspicion to conduct a *Terry* pat-down search of Wells.

Second, Wells asserts that evidence from the May 23, 2022, encounter should be suppressed because the R&R "failed to find foundation for, and reliability of, [Officer] Walsh's ability to detect the odor of fresh or burnt marijuana." (Doc. No. 54 at 3.) Thus, Wells argues that the officer did not have probable cause to search the vehicle and the gun found during the search should be suppressed.

Third, Wells argues that evidence from the July 30, 2023, encounter should be suppressed because Wells "did not match the suspect description and was not near a backpack that reportedly contained a gun." (*Id.* at 5.) He asserts that the officers did not have probable cause to arrest him, and the gun found during the search incident to the arrest, as well as Wells's subsequent statements to the police, should be suppressed.[1]

And fourth, Wells objects to the Magistrate Judge's conclusion that Wells knowingly and intelligently waived his *Miranda* rights. Wells argues that he was "excited and agitated" and did not knowingly and intelligently waive his rights. (*Id.* at 6.) The Court address each objection in turn below.

## I.   April 6, 2020, Police Encounter

Wells objects to the Magistrate Judge's conclusion that Wells generally matched the description of the suspect given the short passage of time and narrow universe of

---

[1]   Neither party objects to the Magistrate Judge's recommendation to dismiss Wells's third motion to suppress search and seizure evidence and second motion suppressing statements as moot. Upon review, the Court finds no clear error.

suspects.  An officer may stop a person if the officer has reasonable and articulable

suspicion "that criminal activity may be afoot."  *Terry v. Ohio*, 392 U.S. 1, 30 (1968).

The Court considers the totality of the circumstances when determining whether an

officer had reasonable suspicion to conduct a *Terry* stop.  *United States v. Quinn*, 812

F.3d 694, 697 (8th Cir. 2016).

Wells's argument that he did not match the suspect's description and that the

officers should have reviewed the bus surveillance footage for other potential suspects

before searching Wells is the same argument Wells presented to the Magistrate Judge.

The Magistrate Judge thoroughly considered the argument in the R&R and rejected it.

As the Magistrate Judge reasoned, the officers did not have to be certain that Wells was

the suspect.  It is enough that Wells mostly matched the suspect's description given the

short period of time that passed between the 911 call and the police stop and the limited

potential suspects.  *See id.* at 699 (concluding that an officer had reasonable suspicion to

conduct a *Terry* stop even though the officer "relied on a relatively generic suspect

description" and the suspect "did not match perfectly" the description, given the "lack of

other pedestrians within the perimeter").  The Court therefore affirms the Magistrate

Judge's recommendation and denies Wells's first motion to dismiss search and seizure

evidence.

Wells does not object to the Magistrate Judge's findings regarding his first motion

to suppress statements except to the extent that he argues that the statements should be

excluded as fruit of the poisonous tree.  Because the pat-down search was lawful, Wells's

subsequent statements will not be excluded on that basis.  Upon review, the Court finds

6

no clear error with the remainder of the Magistrate Judge's conclusions regarding the first motion to suppress statements.  The Court therefore grants in part and denies in part the motion.  The Court excludes Wells's statement about the gun permit and denies Wells's motion related to the remainder of the statements he made on April 6.

## II.   May 23, 2022, Police Encounter

Next, Wells objects to the Magistrate Judge's conclusion that Officer Walsh had probable cause to search Wells's car during the May 23, 2022, encounter because Officer Walsh smelled marijuana.  Wells argues that "it matters if the officer has been trained to identify the odor of marijuana—both fresh and burnt."  (Doc. No. 54 at 3.)  He asserts that Officer Walsh's testimony should be discredited because he did not indicate whether he was trained in detecting raw and burnt marijuana and he could not recall whether the odor he smelled was raw or burnt.

The Eighth Circuit has "repeatedly held that the odor of marijuana provides probable cause for a warrantless search of a vehicle under the automobile exception." *United States v. Williams*, 955 F.3d 734, 737 (8th Cir. 2020).  While Wells argues that the officer should have been able to distinguish between burnt and raw marijuana before searching the car, he cites no case law requiring such distinction.  Officer Walsh testified that he had training and experience "with recognizing the smell of marijuana."  (Doc. No. 45 at 35.)  Based on his training and experience, he testified that when he approached Wells's vehicle, he "could smell marijuana coming from the car."  (*Id.* at 34.)  He testified that the smell was "very strong."  (*Id.* at 45.)  His testimony is further corroborated by the bags of marijuana recovered from Wells's car.  Given these facts, the

Court concludes that Officer Walsh had probable cause to search the vehicle without a warrant, and the Court denies Wells's second motion to suppress search and seizure evidence.

### III.   July 30, 2023, Police Encounter

Wells objects to the Magistrate Judge's conclusion that, during the July 30 encounter, the officers had probable cause to arrest Wells and conduct a search incident to his arrest.  Wells argues that he did not match the suspect's description and thus Wells was free to walk away from the police when they ordered him to stop and put his hands up.  As the R&R noted, "a person's flight or resistance in response to a *Terry* stop or arrest, even an unlawful arrest, can provide an independent basis for an arrest."  (R&R at 19 (internal quotations omitted).)  "[R]esistance to an illegal arrest can furnish grounds for a second, legitimate arrest."  *United States v. Sledge*, 460 F.3d 963, 966 (8th Cir. 2006) (internal quotation and citation omitted).  Here, the officers approached Wells and another man after a report that a man was reaching into a bag with a gun.  The officers were justified in arresting Wells after his attempted flight.  *See* Minn. Stat. § 609.487(6).  Wells's fourth motion to suppress search and seizure evidence is denied.

Lastly, Wells objects to the Magistrate Judge's conclusion that statements Wells made at the Hennepin County Jail did not violate his *Miranda* rights.  Wells argues that he could not have knowingly and intelligently waived his rights because he was "excited and agitated" and not in the right state of mind.  (Doc. No. 54 at 6.)  A suspect's waiver of their *Miranda* rights is knowing and intelligent if the suspect has a "full awareness of both the nature of the right being abandoned and the consequences of the decision to

abandon it." *United States v. Phillips*, 506 F.3d 685, 687 (8th Cir. 2007) (internal quotations and citation omitted). Here, the officer read Wells his *Miranda* rights and asked if he understood those rights. Wells said, "Of course, why wouldn't I?" (R&R at 22 (citing Gov't Ex. 7).) While Wells sounded agitated during the interaction, the Court agrees with the Magistrate Judge that Wells's answers were coherent and there is no evidence that he was under the influence of any controlled substance that would have impacted his state of mind. Moreover, the Court concludes that Wells's pre-*Miranda* statements are admissible as the officer's response to Wells's questions did not constitute an interrogation. The Court therefore denies Wells's third motion to suppress statements.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Wells's objection (Doc. No. [54]) to Magistrate Judge Douglas L. Micko's February 15, 2024, Report and Recommendation is **OVERRULED**.

2.      Magistrate Judge Douglas L. Micko's February 15, 2024, Report and Recommendation (Doc. No. [50]) is **ADOPTED**.

3.      Wells's first motion to suppress search and seizure evidence (Doc. No. [29]) **DENIED.**

4.      Wells's second motion to suppress search and seizure evidence (Doc. No. [30]) is **DENIED.**

5.      Wells's third motion to suppress search and seizure evidence (Doc. No. [31]) is **DENIED AS MOOT.**

6.      Wells's fourth motion to suppress search and seizure evidence (Doc. No. [32]) is **DENIED.**

7.      Wells's first motion to suppress statements (Doc. No. [33]) is **GRANTED IN PART** and **DENIED IN PART.**

8.      Wells's second motion to suppress statements (Doc. No. [34]) is **DENIED AS MOOT.**

9.      Wells's third motion to suppress statements (Doc. No. [35]) is **DENIED.**

Dated:  April 24, 2024                    s/Donovan W. Frank
                                          DONOVAN W. FRANK
                                          United States District Judge